# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOHN MICHAEL LYONS, | : | Case No. 3:20-cv-267 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff John Michael Lyons brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #6), the Commissioner's Memorandum in Opposition (Doc. #7), and the administrative record (Doc. #4).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on September 20, 2016, alleging disability due to several impairments, including carpal tunnel and problems with his left hip, right knee, right shoulder. After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since January 25, 2015.

Step 2: He has the severe impairments of osteoarthritis, degenerative disc disease of the lumbar spine, varicose veins, traumatic brain injury, bilateral carpal tunnel syndrome, obesity, and asthma.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for about 4 hours and sit for about 6 hours in an 8 hour workday; would be permitted to alternate between sitting and standing every 15 minutes while at the work station; can frequently push and/or pull with the upper extremities; can never climb ladders ropes and scaffolds; [c]an never crawl; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; can occasionally reach overhead with the RUE; can frequently handle and finger bilaterally; should avoid concentrated exposure to dust, odors, fumes and pulmonary irritants; should avoid unprotected heights, dangerous machinery and commercial driving; can perform simple routine tasks but not at a production rate pace and with no strict performance quotas; can have occasional interaction with supervisors and co-workers but no interaction with the general public; can tolerate occasional changes to a routine work setting defined as 1-2 per week."

He is unable to perform any of his past relevant work.

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

>
> Step 5: He could perform a significant number of jobs that exist in the national economy.

(Doc. #4, *PageID* #s 22-43). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 42.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #4, *PageID* #s 22-43), Plaintiff's Statement of Errors (Doc. #6), and the Commissioner's Memorandum in Opposition (Doc. #7). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the

claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.     Discussion**

Plaintiff contends that ALJ Adkins "incorrectly found that [his] mental impairments imposed on moderate limitations and did not account for the extreme limitation [Plaintiff] exhibits in his difficulty interacting with others …." (Doc. #6, *PageID* #2330). According to Plaintiff, the ALJ's findings and Dr. Jones' opinion "support an [residual functional capacity (RFC)] with no contact with co-workers …." *Id.* at 2332. This is significant because the vocational expert testified that a limitation to no contact with coworkers would preclude work in the national economy. (Doc. #4, *PageID* #98)

The Commissioner maintains that substantial evidence supports the ALJ's decision.

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The Regulations make clear that a claimant's RFC is an issue reserved to the Commissioner and the ALJ assesses a claimant's RFC "based on all of the relevant evidence" of record. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c). The ALJ, not a physician, is responsible for assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546 (c); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

ALJ Adkins concluded that Plaintiff had a moderate limitation in interacting with others. He accounted for Plaintiff's moderate social interaction limitations in his residual functional capacity (RFC) assessment by restricting Plaintiff to "occasional interaction with supervisors and co-workers but no interaction with the general public." (Doc. #4, *PageID* #30). Substantial evidence supports the ALJ's findings.

4

The opinions of record-reviewing psychologists, Cynthia Waggoner, Psy.D., and Bruce Goldsmith, Ph.D., support ALJ Adkins' moderate finding and RFC. They opined that Plaintiff has a moderate limitation in his ability to interact with others. *Id.* at 112, 153. The ALJ reasonably relied on their opinions, assigning them "great weight."[3] *Id.* at 38. He credited their opinions "because of their medical specialties, Social Security disability programs expertise and extensive experience evaluating Social Security disability cases." *Id.*; *see* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). Further, ALJ Adkins found their opinions to be consistent with the other evidence of record. (Doc. #4, *PageID* #38); *see* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Plaintiff asserts that the opinion of evaluating psychologist Mary Ann Jones, Ph.D., supports a finding that he has extreme limitations interacting with other. Dr. Jones evaluated Plaintiff on March 13, 2017. (Doc. #4, *PageID* #1195). She diagnosed pain disorder, cognitive disorder not otherwise specified (NOS), and bipolar disorder NOS. *Id.* Dr. Jones assigned Plaintiff a Global Assessment of Functioning (GAF) symptom score of 51 and function score of 52, indicating moderate to severe symptoms. *Id.* at 1201. When asked about Plaintiff's abilities and limitations in responding appropriately to supervision and to coworkers in a work setting, Dr. Jones opined that his "volatility would negatively impact his ability to interact with coworkers and supervisors in an emotionally stable and predictable manner." *Id.* at 1202.

---

[3] Plaintiff did not argue that the ALJ improperly weighed any medical opinions.

Notably, although Dr. Jones indicated that Plaintiff has some limitation in interacting with others, she did not provide the specific degree of functional limitation. Dr. Jones did not opine that Plaintiff had extreme limitations or that Plaintiff could not interact with coworkers.

The ALJ assigned Dr. Jones' opinion "partial weight."[4] *Id.* at 38-39. The ALJ acknowledged the medical specialty of Dr. Jones, her specialized Social Security disability program knowledge, and her extensive experience performing independent, non-treating, objective medical examinations of Social Security disability claimants. *Id.* at 39; *see* 20 C.F.R. § 404.1527(c)(5). The ALJ recognized that Dr. Jones personally examined Plaintiff. (Doc. #4, *PageID* #39); *see* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").

However, the ALJ reasonably discounted Dr. Jones' opinion. He found that she lacked access to the longitudinal medical records that the other medical experts reviewed, analyzed and considered. (Doc. #4, *PageID* #39); *see* 20 C.F.R. § 404.1527(c)(3). Plaintiff's medical records reveal no prior mental health treatment or psychotropic medications. Indeed, Plaintiff did not allege any mental impairments in his application. The ALJ reasonably concluded that Plaintiff's lack of psychiatric treatment is not consistent with more than moderate mental impairments. (Doc. #4, PageID #39); *see* 20 C.F.R. § 404.1527(c)(4).

Plaintiff argues that several of ALJ's findings support finding extreme limitations in interacting with others. Specifically, the ALJ found that Plaintiff has a history of difficulty interacting with others. Plaintiff reported to Dr. Jones that he was expelled from twenty-six

---

[4] The ALJ weighed Dr. Jones' opined GAF scores separately, assigning them "little weight." (Doc. #4, PageID #39). He discounted the GAF scores because they are "only a snapshot of [Plaintiff's] symptoms at a single point in time." *Id.* Furthermore, Plaintiff does not have a "history of psychiatric treatment that would indicate more severe mental impairments." *Id.* at 39; *see* 20 C.F.R. § 404.1527(c)(4).

different schools for fighting. (Doc. #4, *PageID* #1196). He has been arrested for domestic violence, robbery, and driving without a license. *Id*. He also has had restraining orders against him. *Id*. At the hearing, Plaintiff testified that people around him have told him that his attitude has changed since he was in a motorcycle accident. *Id.* at 91. He gets "angry and agitated fairly easily." *Id.* at 85.

However, the ALJ also identified substantial evidence that supports his finding that Plaintiff has moderate limitations in interacting with others. For example, Dr. Jones noted he was cooperative during the evaluation. *Id.* at 1198. Plaintiff reported to Dr. Jones that he attends church every week and belongs to the Outcast Motorcycle Club. *Id.* at 1199. And, although Plaintiff reported to Dr. Jones that his girlfriend goes grocery shopping, Plaintiff testified that he does "all the shopping." *Id.* at 87, 1199. He is able to get along adequately with bank tellers, store clerks, and fast-food workers. *Id.* at 1199.

Despite Plaintiff's insistence that Dr. Jones' opinion and the ALJ's findings indicate that he has a severe limitation in interacting with others, because substantial evidence supports the ALJ's RFC assessment and his conclusion that Plaintiff has moderate limitations in interacting with others, the Court must defer to the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion …." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997).

Because Plaintiff's RFC included the same limitations set forth in the hypothetical question to the vocational expert at the administrative hearing, the ALJ did not err in relying on the vocational expert's testimony at Step Five of the sequential benefits analysis. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("[i]n order for a [vocational expert's] testimony to constitute

7

substantial evidence that a significant number of jobs exists, the questions must accurately portray a claimant's physical and mental impairments").

Accordingly, Plaintiff's challenges to the ALJ's decision lack merit.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability decision be affirmed; and

2. The case be terminated on the Court's docket.

July 19, 2021                                          *s/Peter B. Silvain*
                                                                                          Peter B. Silvain, Jr.
                                                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).